**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**LIGHTHOUSE PLASTICS, LLC, A
Missouri limited liability company**                                                   **PLAINTIFF**

**VERSUS**                                                                **CIVIL ACTION NO. 3:03CV169-P-A**

**LIGHTHOUSE PLASTICS, LLC, a
Mississippi limited liability company**                                                   **DEFENDANT**

## ORDER

This cause is before the Court on the plaintiff's Second Motion in Limine Regarding Defendant's Registration with the Mississippi Secretary of State [83]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff seeks the entry of an Order prohibiting the defendant from introducing any evidence or testimony regarding its registration of its corporate name with the Mississippi Secretary of State and the assertion that said registration insulates defendant from liability. Plaintiff urges that because the defendant's registration merely confers procedural advantages–rather than substantive trademark rights, defendant's action in registering with the Secretary of State is irrelevant to any factual issues in dispute in the case. Defendant's response to the motion avers that argument and evidence regarding the defendant's registration with the Secretary of State is relevant to show the reasonableness of its use of the name "Lighthouse Plastics, LLC" and its lack of knowledge of the plaintiff's use of the name "Lighthouse Plastics, LLC." Defendant manifestly denies any intent to rely on such evidence for any other purpose.

After considering the parties' respective positions, the Court is of the opinion that the evidence sought to be excluded is relevant for the limited purpose put forward by the defendant. Furthermore, the evidence is not so prejudicial as to warrant its exclusion pursuant to F.R.E. 403. Accordingly, the Court finds that the plaintiff's motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Second Motion in Limine Regarding Defendant's Registration with the Mississippi Secretary of State [83] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 17th day of August, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE