**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**LIGHTHOUSE PLASTICS, LLC, A
Missouri limited liability company**                                                    **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NO. 3:03CV169-P-A**

**LIGHTHOUSE PLASTICS, LLC, a
Mississippi limited liability company**                                                 **DEFENDANT**

## **ORDER**

This cause is before the Court on the defendant's Motion in Limine Regarding Defendant's Offers to Compromise [87]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motion should be granted in part and denied in part. Defendant is correct in its assertion that Rules 407 and 408 of the Federal Rules of Evidence preclude the admissibility of evidence of subsequent remedial measures and/or offers to compromise to prove negligence or culpable conduct giving rise to liability. Plaintiff admits as much and agrees not to seek the introduction of any testimony, evidence, or argument for purposes of proving negligence or culpable conduct by defendant.

However, the applicable rules do not require exclusion of such evidence when offered for another purpose. Plaintiff submits that evidence regarding defendant's subsequent name change, assignment of its domain name, use of its website and domain name, and plaintiff's early efforts at dispute resolution are relevant and admissible for purposes of showing:

1. The feasibility of precautionary measures;

2. That the name and logo "Lighthouse Plastics, LLC" and domain name had value as reflected by defendant's choice to continue using the name, logo and domain name from 2001 until on or about August 25, 2004;

3. The date at which damages from defendant's usage of the name, logo and domain name would cease to accrue; and

4. Plaintiff's intent and state of mind in proceeding with a lawsuit to stop defendant from using the "Lighthouse Plastics, LLC" name, logo and domain name.

The Court concurs with the position advanced by plaintiff. Accordingly, the plaintiff will be permitted to offer evidence of defendant's arguably subsequent remedial measures and offers to compromise for purposes other than demonstrating culpability and/or liability as delineated above. The parties are to confer and present the Court with a proposed cautionary instruction to be read to the jury prior to the introduction of any testimony falling under the aegis of this ruling.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion in Limine Regarding Defendant's Offers to Compromise [87] should be, and hereby is, GRANTED IN PART and DENIED IN PART as outlined in the body of this Order. IT IS FURTHER ORDERED AND ADJUDGED that the parties are to present the Court with a proposed cautionary instruction within ten (10) days prior to the scheduled trial of this matter.

SO ORDERED, this the 17th day of August, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE