UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| LIGHTHOUSE PLASTICS, LLC, a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 3:03CV169 P-A |
| LIGHTHOUSE PLASTICS, LLC, a Mississippi limited liability company, | ) ) ) | |
| Defendant. | ) | |

## JUDGMENT

This case comes before the Court on the parties' Motion for Entry of Judgment. Upon due consideration of the Motion and the record in this case, the Court finds the Motion well-taken.

WHEREAS, Plaintiff Lighthouse Plastics, LLC has filed this action against Defendant Lighthouse Plastics, LLC, d/b/a Holly Springs Plastics, LLC, alleging that Defendant infringed Plaintiff's service mark and trade name "Lighthouse Plastics," violated the Anti-cyberpiracy Consumer Protection Act, and tortiously interfered with Plaintiff's business expectancies by adopting and using the mark, term, title, trade or commercial name "Lighthouse Plastics, LLC", adopting and using a red and white lighthouse logo, and registering and using the domain name "lighthouseplascticsllc.com" in direct competition with Plaintiff. Defendant answered, generally denying the allegations.

WHEREAS, the parties have stipulated to the following facts, which are indisputably established by the evidence gathered through discovery and admissions of the parties in this action:

1285741.1

(1) Plaintiff was formed in 1998 as a Wisconsin limited liability company and changed its state of incorporation to Missouri and its principal place of business to St. Louis, Missouri in 2001.

(2) Scott Metz and Craig Dickens are members of Plaintiff.

(3) Plaintiff manufactures plastic products.

(4) Plaintiff is a comprehensive plastics company specializing in the design, manufacturing, consulting and procurement of plastics materials and containers.

(5) Since 1998, Plaintiff has provided goods and services to customers in at least the following states: Alabama, Arkansas, Arizona, California, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, South Dakota, Tennessee, Texas, Utah, Washington, West Virginia, Wisconsin, and Ontario, Canada.

(6) Since 1998, Plaintiff has offered goods and services by sending, via U.S. mail or other means, marketing materials for Meat/Poultry & Agriculture Containers, Produce Containers, Supplement Tubs, Pallets, and Bulk Boxes to persons in at least the following states: Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin.

(7) Plaintiff filed an application for federal registration of the Trademark "Lighthouse Plastics" on April 11, 2002.

(8) The United States Patent and Trademark Office issued U.S. Registration No. 2,677,786, for the Trademark "Lighthouse Plastics," on January 21, 2003.

(9) Plaintiff filed an application for federal registration of the Service Mark "Lighthouse Plastics" on April 11, 2002.

(10) The United States Patent and Trademark Office issued U.S. Registration No. 2,672,144, for the Service Mark "Lighthouse Plastics" on January 7, 2003.

(11) Plaintiff is the owner of U.S. Registration Nos. 2,672,144 and 2,677,786.

(12) U.S. Registration No. 2,672,144 covers services in International Class 42, including consultation and design services for others in

development of products, namely, bins, tubs and containers for industrial, agricultural and commercial use.

(13) U.S. Registration No. 2,677,786 covers all goods in International Class 20, including non-metal bins, tubs and containers for industrial, agricultural and commercial use.

(14) Since 1998, Plaintiff has used the following red and white lighthouse logo, in the ordinary course of trade and commerce to identify Plaintiff's goods, services, advertising and commercial activities:



(15) Since 1998, Plaintiff has continuously used the terms "Lighthouse Plastics" and "Lighthouse Plastics, LLC" in the ordinary course of trade and commerce to refer to Plaintiff's business and good will, to identify and distinguish Plaintiff from all other businesses, to project and represent Plaintiff's total commercial image, and to identify Plaintiff's goods, services, advertising and commercial activities.

(16) Plaintiff's website at "www.lighthouseplastics.com" displays Plaintiff's "Lighthouse Plastics" and "Lighthouse Plastics, LLC", trade names its "Lighthouse Plastics LLC" Trademark and Service Mark, and its red and white lighthouse logo.

(17) In 1999, Plaintiff's gross sales were $765,545.

(18) In 2003, Plaintiff's gross sales were $4,500,000.

(19) Defendant is a Mississippi limited liability company with its principal place of business in Holly Springs, Mississippi.

(20) Mulay Plastics was a plastics molding company which focused on consumer electronic products.

(21) Defendant purchased substantially all of the assets of Mulay Plastics on October 12, 2001.

(22) After purchasing substantially all of the assets of Mulay Plastics, Defendant intended to expand into broader aspects of the plastics molding industry.

(23) Defendant has three members: Terry Byrd, Scott Smith, and Larry McAlexander.

(24) Defendant custom manufactures plastic goods for others utilizing injection molding.

(25) Defendant uses molds provided by its customers.

(26) Defendant's business includes designing, manufacturing, consulting, and/or procurement of plastics materials and/or containers.

(27) Defendant performs custom injection molding, decoration, sub-assembly, warehousing and distribution of plastics.

(28) Defendant has molded travel files, hat hoops, caps for air filters, penny tray displays, poultry house slats, chair seats and backs, trash cans, pump housings, TV replacement buttons, patio furniture, license plate backs, disc sox trays, automotive parts, Jumbo Roughtotes, TV cabinets, Gaylord boxes, license plate covers and hubs, and parts for Yamaha Wave Runners.

(29) As of May 5, 2004, Defendant also molds pallets.

(30) Defendant has had customers in the poultry, automotive, furniture, and electronics industries, among others.

(31) Since its purchase of the assets of Mulay Plastics, Defendant has used the titles, trade names, or commercial names "Lighthouse Plastics," "Lighthouse Plastics, LLC," and "Lighthouse Plastics, L.L.C." in the ordinary course of business to refer to, advertise and identify Defendant's business.

(32) Defendant has additionally used the following red and white lighthouse and the words "Lighthouse Plastics, L.L.C." in the ordinary course of trade and commerce to identify Defendant's goods, services, advertising and commercial activities:



(33) From January 2002 until February 2004, Defendant operated a website at "www.lighthouseplasticsllc.com." The website advertised and described Defendant's commercial activities.

(34) From January 2002 until February 2004, Defendant's website at "www.lighthouseplasticsllc.com" was used as advertising and outlined the type of work Defendant performed.

(35) Defendant claims to advertise mainly through word of mouth and has contacted companies in at least Arizona, Florida, Georgia, Indiana, Louisiana, Massachusetts, Michigan, Mississippi,

(36) Missouri, New Jersey, Ohio, Rhode Island, Tennessee, Washington, and Ontario, Canada.

(36) Defendant's members have attended tradeshows, where they distribute business cards with the Lighthouse Plastics name and logo.

(37) On its website at "www.lighthouseplasticsllc.com," Defendant advertised the breadth of its services, including injection molding, insert molding and blow-molding, although no blow molding was done in house.

(38) Defendant has not been as successful a business venture as Defendant anticipated.

(39) When it was formed, Defendant expected to be a $12 million per year business.

(40) In 2001, Defendant's sales were $3,001,101.

(41) In 2002, Defendant's sales were $10,725,198.

(42) In 2003, Defendant's sales were $7,166,314.

(43) In 2004, Defendant's sales were $3,394,745.

(44) Defendant has not met its expectations.

(45) Defendant's quality has consistently fallen below customer expectations, because Defendant's "quality was horrible," Defendant's products are "warped," Defendants were "not hitting the delivery," and Defendants were "molding crap for quality."

(46) According to Defendants, the "rule of thumb in the plastic business" is that equipment is outdated after seven to ten years.

(47) Over fifty percent of Defendant's machines are more than seven years old, some as old as twenty years.

(48) Defendant has lost business because "the plant wasn't clean enough."

(49) Defendant has lost business because of "bad management."

(50) Defendant was hired by Rubbermaid to make 55-gallon totes.

(51) Rubbermaid offered to send a technician to Defendant's plant to make sure the job was running correctly. When the technician arrived, Defendant's plant manager had left the area for the weekend and the technician was "furious."

(52) Defendant's equipment was unable to perform the work for Rubbermaid as promised.

(53) Defendant's equipment ran at 73 to 76 percent of the production rate promised to Rubbermaid.

(54) Approximately 13,000 of the totes completed by Defendant for Rubbermaid, valued at $125,000, were rejected by Rubbermaid as being of poor quality.

(55) The loss of the Rubbermaid business is only one example of the "horrible" quality of Defendant's business due to old equipment, an unclean operation, and bad management.

(56) Defendant has lost other customers due to the age of its machines, which attribute to poor quality and low volume.

(57) The terms, titles, trade and/or commercial names used by Defendant, including the words "Lighthouse Plastics, L.L.C." and a red and white lighthouse, is substantially similar to Plaintiff's "Lighthouse Plastics" and "Lighthouse Plastics, LLC" trade names, "Lighthouse Plastics" Trademark and Service Mark, and Plaintiff's red and white lighthouse logo.

(58) Defendant's customers since 2001 include, but are not limited to: Avantus Corp. in Florida; Buddyz System in Tennessee; Corey Co. in New Jersey; Camfil-Farr in New Jersey; Decker Co. in Tennessee; Dyer Poultry in Alabama; Eck Adams in Arkansas; ES Robbins in Alabama; Floserve in Tennessee; Gosfillex in Pennsylvania; IPCC in Illinois; Laich Industries Corp. in Ohio; Laser Magic in Florida; Leeco Industries in Mississippi; Newell Rubbermaid in Texas; MM Design in California; Orion America Inc. in Indiana; Precision Manufacturing in Mississippi; M-Tek Mississippi, Inc. in Mississippi; Sanyo Manufacturing in Arkansas; Sharp Manufacturing in Tennessee; Sun Valley Packaging, Inc. in Florida; Superior Industries in Arkansas; Superior Automotive in Arkansas; US Leisure in North Carolina; and Yamaha Motor in Georgia.

(59) Defendant acquired at least the following customers while using the "Lighthouse Plastics, LLC" name and the red and white lighthouse logo: Avantus Corp. in Florida; Buddyz System in Tennessee; Corey Co. in New Jersey; Camfil-Farr in New Jersey; Decker Co. in Tennessee; Dyer Poultry in Alabama; Eck Adams in Arkansas; ES Robbins in Alabama; Floserve in Tennessee; IPCC in Illinois; Laser Magic in Florida; Leeco Industries in Mississippi; Newell Rubbermaid in Texas; MM Design in California; Precision Manufacturing in Mississippi; M-Tek Mississippi, Inc. in Mississippi; Sun Valley Packaging, Inc. in Florida; Superior Industries in Arkansas; Superior Automotive in Arkansas; and US Leisure in North Carolina.

(60) Defendant has offered to sell goods and services and has sent marketing materials to potential customers in at least the states of Alabama, Arkansas, California, Indiana, Florida, Georgia,

Mississippi, New Jersey, North Carolina, Ohio, Pennsylvania, Tennessee, and Texas.

(61) While using the "Lighthouse Plastics, LLC" name and red and white lighthouse logo, Defendant has quoted jobs for, but was not awarded jobs by: Amity in Ohio; Aqua Toy, Inc. in Washington; Auto Chlor in Tennessee; ChromCraft in Mississippi; Cosom Sporting Goods in New Jersey; Creston Electronics in New Jersey; Durden Enterprise; EKO Products in Louisiana; EPI in Missouri; First Index; Flexible Flyer in Mississippi; Home Product; Home Safe Inspection in Mississippi; Ingram Micro in Tennessee; Kason Industries in Georgia; Masterson Art Products in Arizona; Maxx Air in Florida; OEM Services in Mississippi; O-I Products in Ohio; O'Ryan in Tennessee; Red River Lumber in Indiana; Rheem; Royal Alliance in Ontario, Canada; Sony Electronics in Pennsylvania; Sport FX International in Ontario, Canada; Toshiba in Tennessee; United Plastics in Massachusetts; Waterrower in Rhode Island; Whirlpool in Michigan, and Zooka in Washington.

(62) While using the "Lighthouse Plastics, LLC" name and red and white lighthouse logo, Defendant has contacted at least the following companies in an attempt to gain business: Arrow Plastics, Bemis Manufacturing, Holiday Housewares, Waterloo Industries, Ingram Micro, Honda Motor Company, Eckadams, Flambeau Products Corp., Huffy, Owen-Illinois, Irvin Automotive Products, Emsco Group, Kerr, Krueger International, Autochlor, Daybrite, Magen Frame, Aguatoy, Medi-Rub, Pit Stop, Creston Electronics, TII Network Technologies, Materson Art Products, Techno-Toys, Audio Innovations, Garrett Metal Detectors, The Shopping Basket Company, Un-do, Cosom Sporting Goods, Cybex, Fitness Quest, Eagle Affiliates, Inc., Century, Wham-O Frisbee, ATEC, Sport FX International Corporation, Crafters Pride, Air Daddy, Innova Champion Discs, Eco Water Systems, Samsung, Puck Products, Ind., In Touch Technologies, Visteon, Atehna International, Rico Industries, M-Tek, Lifetime, Laser Magic, Zooka, B&M Pole Company, the Super Show for Sporting Goods, Superior Industries Fayetteville, Snap On Tools, Milwaukee Tool, Robinson-Anton, Elna, Flexars, Brother International, National Hardware Show, Akro-Mills, Durden Enterprises, Flexible Flier, Quartet Manufacturing, Evenflo, Aero Plastics, Saunders/Rivetor, Lawncare, Alto, Thomas & Betts, Camfil-Farr, Lane Furniture Industries, United Chair, Kamco, Superior West Memphis, Yamaha, Toshiba, Syrco, Grossfillex, Oreck, Shepherd Products, Altas Doors, Viking Kitchens, Box Hockey, US Leisure; EKO, Air Fender, Rheen, Walter Laich, Wilson Woodley, Vassallo, RPS LLC, Bagwizard, Sony, Rubbermaid, Otto Garbage Cans, Xerox, Floserve, ES Robbins, Batesville Casket, Buckhorn, Scientific Atlanta, Chattanooga Group, Meinor, Doskocil Manufacturing,

(62 cont.) Chromcraft, Integrated Plastics, Richwood Building Products, Lexmark, LR Nelson, Blitz USA, Snapper, Premiere Products, Iris USA, Sterlite Corporation, Cooper Lighting-Americus, Kitchenaid, The Hoover Company, Gracious Living/Royal Alliance, and Homz Home Products International.

(63) Defendant's representatives handed out business cards with the "Lighthouse Plastics, LLC" name and red and white lighthouse logo at a 2002 National Hardware Show, a 2002 Consumer Electronics Show, and a 2002 Super Sporting Goods Show.

(64) Defendant uses the on-line bid service known as "First Index."

(65) In Defendant's application for membership with First Index, Defendant requested jobs in at least Indiana, Ohio, Kentucky, Illinois, Florida, Alabama, Tennessee, Georgia, Texas, Louisiana, Mississippi, Arkansas, Iowa, and Missouri.

(66) In application for membership with First Index, Defendant stated that its core business includes injection molding, insert molding, and assembly.

(67) On June 13, 2002, Plaintiff's counsel notified Defendant that Plaintiff is the owner of and has exclusive rights to the mark "Lighthouse Plastics" and that Plaintiff has a highly valuable property interest in the mark "Lighthouse Plastics" for use in connection with plastic container products.

(68) On June 13, 2002, Plaintiff's counsel requested that Defendant cease and desist using the "Lighthouse Plastics" term, title, trade name and/or commercial name and the domain name, "www.lighthouseplasticsllc.com."

(69) As calculated by Plaintiff's damages expert, Plaintiff has suffered in excess of $1,929,937 (calculated as a reasonable royalty of the defendant's sales) due to Defendant's use of the "Lighthouse Plastics" mark, the red and white lighthouse logo, and the domain name, www.lighthouseplasticsllc.com.

(70) Plaintiff has incurred in excess of $150,000 in attorneys' fees and costs in pursuing the Litigation.

WHEREAS, having considered the above facts and the claims and defenses of the parties, the Court finds as follows:

1. This Court has subject matter jurisdiction over the claims asserted by Plaintiff and personal jurisdiction over Defendant.

2. Plaintiff's registered "Lighthouse Plastics" Service Mark and Trademark are valid and enforceable.

3. Plaintiff has the exclusive right to use the "Lighthouse Plastics" Mark.

4. Plaintiff is the senior user of the "Lighthouse Plastics" and "Lighthouse Plastics, LLC" trademarks.

5. Defendant is the junior user of the "Lighthouse Plastics" and "Lighthouse Plastics, LLC" trademarks.

6. Defendant's terms, titles, trade names and/or commercial names "Lighthouse Plastics" and "Lighthouse Plastics, LLC" are identical to Plaintiff's Trademark and/or Service Mark "Lighthouse Plastics" and "Lighthouse Plastics, LLC."

7. Defendant's terms, titles, trade names and/or commercial names "Lighthouse Plastics, L.L.C." is virtually identical to Plaintiff's Trademark and/or Service mark "Lighthouse Plastics" and "Lighthouse Plastics, LLC."

8. Defendant's terms, titles, trade names and/or commercial names "Lighthouse Plastics," "Lighthouse Plastics, LLC" and "Lighthouse Plastics, L.L.C." contain Plaintiff's "Lighthouse Plastics" Mark.

9. By using Plaintiff's registered "Lighthouse Plastics" Mark in its terms, titles, trade names and/or commercial names, Defendant has used Plaintiff's registered Mark "Lighthouse Plastics" in commerce and in connection with the sale, offering for sale, distribution, and advertising of its goods and services.

10. Defendant's use of "Lighthouse Plastics, L.L.C." and/or Plaintiff's Trademark and/or Service Mark "Lighthouse Plastics" and/or "Lighthouse Plastics, LLC" as Defendant's terms, titles, trade names and/or commercial names has caused actual confusion, mistake and/or

deception, and continues to cause a likelihood of confusion, mistake and/or deception, in the marketplace, between Plaintiff's business, goodwill, advertising, goods, services, and commercial activities and Defendant's business, goodwill, advertising, goods, services, and commercial activities.

11. Plaintiff has been, and continues to be, damaged by Defendant's use of Plaintiff's Trademark and/or Service Mark "Lighthouse Plastics" and "Lighthouse Plastics, LLC" and the terms, titles, trade names and/or commercial names "Lighthouse Plastics, L.L.C.", including the loss of future contracts and the opportunity of obtaining customers.

12. Plaintiff has been, and continues to be, damaged by Defendant's use of Plaintiff's "Lighthouse Plastics" Mark, including the loss of future contracts and the opportunity of obtaining customers.

13. Defendant's domain name, "lighthouseplasticsllc.com," contains and utilizes Plaintiff's Trademark and/or Service Mark "Lighthouse Plastics" and "Lighthouse Plastics, LLC."

14. Plaintiff's Trademark and/or Service Mark "Lighthouse Plastics" and "Lighthouse Plastics, LLC" were distinctive at the time Defendant registered the domain name "lighthouseplasticsllc.com."

15. By using Plaintiff's registered "Lighthouse Plastics" Mark in the address of its website, Defendant has used Plaintiff's "Lighthouse Plastics" Mark in commerce and in connection with the sale, offering for sale, distribution, and advertising of its goods and services.

16. Defendant's domain name "lighthouseplasticsllc.com" has caused actual confusion, mistake and/or deception, and continues to cause a likelihood of confusion, mistake and/or deception, in the marketplace, between Plaintiff's website, business, goodwill,

advertising, goods, services, and commercial activities and Defendant's website, business, goodwill, advertising, goods, services, and commercial activities.

17. Plaintiff has been, and continues to be, damaged by Defendant's use of Plaintiff's registered "Lighthouse Plastics" Mark and Plaintiff's Trademark and/or Service Mark "Lighthouse Plastics" and/or "Lighthouse Plastics, LLC" in the address of Defendant's website, including the loss of future contracts and the opportunity of obtaining customers.

18. The red and white lighthouse logo used by Defendant is substantially similar to Plaintiff's red and white lighthouse logo and contains Plaintiff's "Lighthouse Plastics" Mark.

19. By using Plaintiff's registered "Lighthouse Plastics" Service Mark and Trademark in the logo described above, Defendant has used Plaintiff's "Lighthouse Plastics" Service Mark and Trademark in commerce and in connection with the sale, offering for sale, distribution, and advertising of its goods and services.

20. Defendant's use of the logo as advertising on its delivery vehicles, website, etc., and/or as a projection of Defendant's total commercial image, has caused actual confusion, mistake and/or deception, and continues to cause a likelihood of confusion, mistake and/or deception, in the marketplace, between Plaintiff's business, goodwill, advertising, goods, services, and commercial activities and Defendant's business, goodwill, advertising, goods, services, and commercial activities.

21. Plaintiff has been, and continues to be, damaged as a result of Defendant's use of the logo described above, including the loss of future contracts and the opportunity of obtaining customers.

22. Defendant's acts, as stated herein, constitute: Trade Name Infringement, False Advertising, and Unfair Competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a);

Tortious Interference with Business Relations, in violation of Mississippi common law; and Infringement of Registered Marks, in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

23. The violations of state and federal law entitle the Plaintiff to actual and compensatory damages, injunctive relief, and reimbursement of attorneys' fees and costs.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED that:

A. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant, its officers, members, directors, agents, employees, successors, assigns and all other persons acting on their behalf or under their control or in active concert or participation with any of them are to hereby permanently enjoined from:
   i. Using, in any way, "Lighthouse Plastics" or any other substantially or confusingly similar mark, term, title, trade name, and/or commercial name;
   ii. Using, in any way, a mark that contains a red and white lighthouse and the words "Lighthouse Plastics," "Lighthouse Plastics LLC," or "Lighthouse Plastics, L.L.C," or any other substantially or confusingly similar mark, term, title, trade name, and/or commercial name;

B. Defendant shall transfer to Plaintiff, within twenty (20) days of the date of entry of this Consent Judgment, the domain name "lighthouseplasticsllc.com."

C. Defendant is liable in damages to Plaintiff in a sum equal to one million nine hundred twenty nine thousand, nine hundred and thirty seven dollars ($1,929,937) as compensatory damages, one hundred fifty thousand dollars ($150,000) in reasonable attorneys' fees incurred by the Plaintiff in bringing this action, plus interest at the rate of eight percent (8%) per annum as allowed by law, and all assessable costs.

D. In the event of any violation of the terms and conditions of this Judgment, and upon the approval of a specific bill of costs and fees by this Court, the violating party shall be responsible for, and expressly agrees to pay, all costs and fees, including legal fees, that non-violating party incurs in enforcing the terms of this Judgment, including but not limited to, costs incurred or associated directly or indirectly with filing or otherwise bringing and prosecuting any claim, motion, cause of action, suit, rule to show cause, or contempt motion for purposes of enforcing any term or provision of the Judgment.

**SO ORDERED** this _13th_ day of _April_, 2006.

_____
United States District Judge